UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. WALSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1043 CDP |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying Robert Walsh's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. Claimant Walsh brings this action asserting that he is disabled because he suffers from back pain. The Administrative Law Judge concluded that Walsh is not disabled. Walsh appeals the decision denying him disability benefits. Because I conclude that the ALJ's decision was supported by substantial evidence in the record as a whole, I will affirm the ALJ's decision.

Procedural History

On December 16, 2004, Walsh filed the current application for a Period of Disability and Disability Insurance Benefits. The Social Security Administration

denied Walsh's application at the initial level, and a timely hearing request was filed. Walsh appeared and testified at a hearing held on April 13, 2006, and again at a supplemental hearing held on May 30, 2006. Additional evidence was to be submitted following that hearing. On October 24, 2006, a second supplemental hearing was scheduled in which expert testimony was to be heard, but the expert left his notes at home and lived too far away to retrieve the documents in order to testify. The ALJ issued an opinion on January 16, 2007 upholding the denial of benefits. On May 13, 2008, the Appeals Council of the Social Security Administration denied Walsh's request for review. The ALJ's determination thus stands as the final determination of the Commissioner. Walsh filed this appeal on July 14, 2008.

## Testimony Before the ALJ

Walsh testified that he was 24 years old at the time of his hearing, and had completed ten years of formal education. He submitted documentary evidence stating that he had worked as a stock boy, laundry attendant, mechanic, cook, landscaper, and meat cutter. Walsh claimed to have been disabled since November 10, 2004, when he was lying in bed and his back popped. Since that incident, he claims to have suffered severe back pain, and states that he has not engaged in any substantial gainful activity since at least 2004.

Walsh stated that he underwent back surgery on August 1, 2005 because he was suffering from constant pain. After the surgery, his condition did not improve, except that he was able to stand and walk. Walsh claimed to have pain in his lower back, with pain radiating down his right leg once or twice a week. Walsh testified that he participated in physical therapy for one month after injuring his back, but had not had any therapy since his surgery. The ALJ noted, however, that there was no evidence in the record showing that Walsh had undergone any therapy.

Walsh testified that he spends his day taking medicine, doing stretches, watching television, using the computer, and reading books. Walsh stated that he does not do any cooking, cleaning, work, or driving. He stated that he had not driven or gone out to the grocery store in the last four or five months. Walsh said that he could sit for a few minutes to half an hour, but that then he had to stand.

Walsh listed several medications he was taking. He stated that, because of his chronic pain and the side effects of the medications, he had difficulty remembering. He was tired and drowsy, and easily became confused. Walsh stated that he was trying to quit smoking and currently smoked half a pack of cigarettes per day.

## Medical Records

The record evidence shows that Walsh saw a nurse practitioner at the Medical Clinic of Owensville, Missouri on November 10, 2004. He complained of right hip pain after he heard a pop the previous night in bed. The pain traveled down his right leg and caused him cramps. The nurse practitioner found tenderness to palpation of the lumbar spine and the right sacroiliac area. The assessment was back pain with sciatica. Walsh was given a note stating that he should be off work for November 10 and 11, 2004.

November 18, 2004 x-rays showed bilateral spondylolysis at L5, but not significant spondylolisthesis. On December 2, 2004, an MRI revealed mild facet joint osteoarthritis, and a potential pars defect at L5-S1 bilaterally, but no definite spondylolisthesis. At a family services disability evaluation on December 15, 2004, Walsh was diagnosed with low back pain with sciatica, a unilateral pars defect L5-S1, and a potential bilateral pars defect at L5-S1. The nurse practitioner tending to Walsh noted that work could worsen Walsh's condition, and stated that he was disabled for a period of six to twelve months.

Walsh participated in physical therapy beginning December 28, 2004. In February 2005, Walsh stated he had "felt great for the last couple of days." Walsh stated that although he had no episodes of severe pain recently, he always had

some pain present.  He stated that he always felt better after therapy, but that the pain gradually returned.

Dr. John Oro, a neurosurgeon, saw Walsh on April 13, 2005.  Dr. Oro noted that Walsh moved about uncomfortably, he had straightening of the lumbar spine with bilateral muscle spasms, and there was mild tenderness along the lumbar spine and significant tenderness over both sacroiliac joints.  An MRI showed no evidence of disc herniation, nerve root compression, spinal canal compression, or spondylolisthesis.  Dr. Oro stated that Walsh did appear to have bilateral pars interarticularis defects.

Walsh then saw Dr. Oro for a follow up in May 2005, where Walsh stated that he was not a candidate for injections to treat his back pain according to the pain clinic.  Low back pain continued to be included in his assessment.  At a further follow up in July 2005, Walsh again complained of severe pain.  His exam was unchanged, and the assessment was back pain.

After a discussion about surgery with Dr. Oro, Walsh underwent lumbar fusion at L5-S1 with instrumentation and bone graft on July 28, 2005.  Walsh was diagnosed with lumbar degenerative disc disease at L5-S1 with bilateral spondylolysis and grade one spondylolisthesis.  On discharge, Walsh could gradually resume his daily activities as tolerated.  He was directed not to lift more than 15 pounds for the next four weeks, and was told he could drive when he

stopped taking his pain medication. Walsh visited the emergency room on August 20, 2005 when he ran out of Vicodin.

In September 2005, and again in October 2005, Dr. Oro noted that Walsh was in need of physical therapy. Walsh stated that he had not been to physical therapy because of Medicaid issues. He also did not follow through on low back exercises because they aggravated his pain.

Dr. Oro saw Walsh for further follow up visits in December 2005 and January 2006. Walsh reported radiating right leg pain. A January 2006 nerve conduction study/electromyogram found no evidence of lumbar radiculopathy, plexopathy, polyneuropathy, or myopathy. A February 2006 bone scan was unremarkable. Also in February 2006, Dr. Oro noted minimal lumbar tenderness to palpation.

Walsh saw a nurse practitioner in April 2006. Walsh complained that his pain medication was not working, and his back pain was causing migraines, nausea, and vomiting with blood. The assessment was chronic back pain.

In August 2006, Dr. David Giem completed a physician certificate for the state welfare office. Dr. Giem noted that Walsh limped going up stairs, could walk short distance on level ground, had difficulty bending and stooping, and had pain on sitting and standing. The diagnosis was post fusion lumbar spine with

persistent pain and weakness in the back and right leg. Dr. Giem opined that Walsh was permanently disabled.

## Legal Standard

A court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Gowell v. Apfel*, 2542 F.3d 793, 796 (8th Cir. 2001). Substantial evidence is less than a preponderance, but is enough so that a reasonable mind would find it adequate to support the ALJ's conclusion. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). As long as there is substantial evidence on the record as a whole to support the Commissioner's decision, a court may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, *id.*, or because the court would have decided the case differently. *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). In determining whether existing evidence is substantial, a court considers "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000) (quoting *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999)).

To determine whether the decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

(1) the credibility findings made by the Administrative Law Judge;

(2) the education, background, work history, and age of the claimant;

(3) the medical evidence from treating and consulting physicians;

(4) the plaintiff's subjective complaints relating to exertional and non-exertional impairments;

(5) any corroboration by third parties of the plaintiff's impairments; and

(6) the testimony of vocational experts when required which is based upon a proper hypothetical question.

*Brand v. Secretary of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

Disability is defined in the social security regulations as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. § 42 U.S.C. 416(i)(1); § 42 U.S.C. 1382c(a)(3)(A); § 20 C.F.R. 404.1505(a); 20 C.F.R. 416.905(a). In determining whether a claimant is disabled, the Commissioner must evaluate the claim using a five-step procedure.

First, the commissioner must decide if the claimant is engaging in substantial gainful activity. If the claimant is engaging in substantial gainful activity, he is not disabled.

Next, the Commissioner determines if the claimant has a severe impairment which significantly limits the claimant's physical or mental ability to do basic work activities. If the claimant's impairment is not severe, he is not disabled.

If the claimant has a severe impairment, the Commissioner evaluates whether the impairment meets or exceeds a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment satisfies a listing in Appendix 1, the Commissioner will find the claimant disabled.

If the Commissioner cannot make a decision based on the claimant's current work activity or medical facts alone, and the claimant has a severe impairment, the Commissioner reviews whether the claimant can perform his past relevant work. If the claimant can perform his past relevant work, he is not disabled.

If the claimant cannot perform his past relevant work, the Commissioner must evaluate whether the claimant can perform other work in the national economy. If not, the Commissioner declares the claimant disabled. § 20 C.F.R. 404.1520; § 20 C.F.R. 416.920.

When evaluating evidence of pain or other subjective complaints, the ALJ is never free to ignore the subjective testimony of the plaintiff, even if it is uncorroborated by objective medical evidence. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may, however, disbelieve a claimant's subjective complaints when they are inconsistent with the record as a whole. *See, e.g., Battles v. Sullivan*, 992 F.2d 657, 660 (8th Cir. 1990). In considering the subjective complaints, the ALJ is required to consider the factors set out by *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which include:

claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the objective medical evidence; (2) the subjective evidence of the duration, frequency, and intensity of plaintiff's pain; (3) any precipitating or aggravating factors; (4) the claimant's daily activities; (5) the dosage, effectiveness and side effects of any medication; and (6) the claimant's functional restrictions.

*Id*. at 1322.

## The ALJ's Findings

The ALJ found that Walsh was not disabled considering his age, education, work experience and residual functioning capacity. He issued the following specific findings:

1. The claimant met the disability insured status requirements of the Act on November 10, 2004, the date the claimant stated he became unable to work, and continues to meet them through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since November 10, 2004.

3. The medical evidence establishes that the claimant has chronic low back pain and a history of a lumbar fusion, but that he does not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P Regulations No. 4.

4. The claimant's allegations of symptoms precluding light work are found not credible based on inconsistencies in the record as a whole.

5. The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently; sit, stand, and/or walk about six hours in an eight hour workday, push, and pull. He can occasionally climb ramps, stairs, ladders, ropes, and scaffolds;

>    stoop, kneel, crouch, and crawl. He needed to avoid moderate
>    exposure to vibration and hazards (20 C.F.R. § 404.1545).
>
> 6. The claimant is unable to perform his past relevant work as a
>    stock boy, laundry attendant, mechanic, cook, landscaper, and
>    meat cutter.
>
> 7. The claimant has the residual functional capacity to perform the
>    full range of light work (20 C.F.R. § 404.1567).
>
> 8. The claimant is 24 years old, which is defined as a younger
>    individual (20 C.F.R. § 404.1563).
>
> 9. The claimant has ten years of formal education (20 C.F.R. §
>    404.1564).
>
> 10. In view of the claimant's age and residual functional capacity,
>     the issue of transferability of work skills is not material.
>
> 11. Section 404.1569 of Regulations No. 4 and Rules 202.17,
>     202.18 and 202.19, Table No. 2 of Appendix 2, Subpart P,
>     Regulations No. 4, direct a conclusion that, considering the
>     claimant's residual functional capacity, age, education, and
>     work experience, he is not disabled.
>
> 12. The claimant was not under a disabilty, as defined in the Social
>     Security Act, at any time through the date of this decision (20
>     C.F.R. § 404.1520(g)).

The ALJ doubted Walsh's credibility and discounted certain aspects of Walsh's testimony. The ALJ noted that Walsh's unwillingness to participate in exercises or physical therapy that had previously proved to be helpful diminished his credibility. Furthermore, the record contained no real objective or diagnostic evidence of degenerative disc disease or arthritis before surgery. No treating

physician imposed any permanent functional limitations on Walsh's activity or movement.

## Discussion

Walsh presents no developed, reasoned argument for why the ALJ's decision in this case should be vacated. Rather, Walsh quotes the Disability Evaluation Under Social Security Blue Book – a guidebook for physicians and other health professionals for understanding disability programs administered by the Social Security Administration. Walsh states that the text of the Blue Book "describes the Appellant and makes our case for us." This is not the case. Walsh has failed to present any argument showing how the ALJ erred in reaching his decision, and has made no effort to show how the governing law applies to the facts of this case. The ALJ's decision denying Walsh benefits is supported by substantial evidence in the record as a whole, and it is appropriately affirmed. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).

Liberally construing Walsh's brief, the government makes two arguments in support of the agency's decision. First, Walsh makes reference to the medical assessment performed by Dr. Giem. As the government correctly notes, Dr. Giem was not a treating physician, and his determination of disability for state law purposes is not binding on the Social Security Administration. 20 C.F.R. § 404.1504; *Cruze v. Chater*, 85 F.3d 1320, 1325 (8th Cir. 1996). The ALJ was

within his discretion to discount the opinion of Dr. Giem, given the substantial contrary evidence in the record from Walsh's treating physician, Dr. Oro. *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992).

Secondly, Walsh, through his quoting of the language in the Blue Book, seems to make some argument that the ALJ erred in determining that Walsh's condition did not meet Listings 1.02 or 1.04 in the Commissioner's Listings of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1.  Walsh does not develop this argument, and makes no effort to show how his condition satisfies all of the criteria specified in either listing.  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

The ALJ"s decision in this case is affirmed.  Walsh's motions for remand, summary judgment, and for judgment on the pleadings will be denied.[1] Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed.  A separate judgment in accordance with this Memorandum and Order is entered this same date.

---

[1] Walsh also filed a motion for leave to supplement the record with additional exhibits that were not presented to the ALJ at the time of Walsh's hearing.  After the government filed a response objecting to Walsh's motion and pointing out that many of the exhibits related to events that occurred after the hearing took place, Walsh conceded in his reply brief that the exhibits were cumulative and withdrew his motion to supplement the record.  Walsh's motion to supplement the record will therefore be denied.

**IT IS FURTHER ORDERED** that the claimant's motions [## 14, 15, 19, 22] for summary judgment, for remand, for judgment on the pleadings, and to file additional exhibits, are DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2009.